# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JULIA DANIELA CARRANZA LOPEZ,<br><br>Defendant. | Case No. 22-cr-02588-BAS-1<br><br>**ORDER DENYING MOTION FOR REDUCTION IN SENTENCE**<br>**(ECF No. 34)** |

The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

Based these amendments, Defendant Julia Daniela Carranza Lopez now files a Motion for Reduction in Sentence. (ECF No. 34.) The Court referred this Motion to the Federal Defenders Office for an evaluation. (ECF No. 35.) Federal Defenders has now

filed a Status Report concluding the Court "can decide the Motion on the existing record without the assistance of counsel." (ECF No. 37.)

At the time of sentencing, the Court calculated Defendant's original guideline range as 87–108 months (based on a base offense level of 29 and a criminal history category of I). Defendant had no criminal history points, so she qualifies under the new guidelines as a zero-point offender. (*See* Presentence Rerport ¶¶ 25–26, ECF No. 27.) Under the new guidelines, an additional two-points are deducted from her base offense level, and her new guideline range is 70–87 months.

However, at the original sentencing, the Court departed downward for fast track and then varied further after considering the Section 3553(a) factors. (ECF No. 33.) Ultimately, the Court imposed a 36-month sentence. (*Id.*) This 36-month sentence would still be below Defendant's guideline range even after the guideline amendments are applied. Under Application Note 3 to U.S.S.G. § 1B1.10, the Court may only reduce a defendant's sentence—because of an amended guideline—to the low end of the amended guideline range. In this case, the low end of the amended guideline range is 70 months. Since the Court sentenced Defendant to a lower sentence of 36 months, Defendant is not entitled to a reduced sentence.

Therefore, Defendant's Motion for Reduction of Sentence (ECF No. 34) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 19, 2024**

Hon. Cynthia Bashant
United States District Judge